# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 16-485V
Filed: May 17, 2017

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| SONYA TABOR, | * | Not for Publication |
| | * | |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object; |
| SECRETARY OF HEALTH | * | Hourly Rate. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA,* for petitioner.
*Jennifer Reynaud, United States Department of Justice, Washington, DC,* for respondent.

## DECISION GRANTING ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

      On April 18, 2016, Sonya Tabor ("Ms. Tabor" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she developed Bell's palsy as the result of receiving a hepatitis B vaccination on November 26, 2014. *See generally* Petition ("Pet."), ECF No. 1. The undersigned issued a decision awarding compensation based on the parties' stipulation on March 15, 2017. Decision, ECF No. 28. Petitioner now seeks an award of attorneys' fees and costs in the amount of $20,654.39, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 33, at 1. After careful consideration, the undersigned has determined to **grant the request in full** for the reasons set forth below.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **Applicable Law.**

The Vaccine Act permits the payment of reasonable fees and costs. § 15(e). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); *see also Saxton ex rel. Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.") For instance, it is within a special master's discretion to reduce fees *sua sponte*, without warning to petitioners. *Sabella v. Sec'y of HHS*, 86 Fe. Cl. 201, 208-09 (2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method. *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 ("the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate." (internal citations omitted). That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Additionally, a special master is "entitled to use…prior experience in reviewing fee applications," including experience with particular attorneys. *Riggins v. Sec'y of HHS*, 406 Fed. Appx. 479, 481 (Fed. Cir. 2011) (citing *Saxton*, 3 F.3d at 1521 (Fed. Cir. 1993)). While respondent does have the opportunity to object to the amount of fees requested, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, reasonable rates for work performed from 2014 to 2015 range from approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id*. For 4 to 7 years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

*McCulloch* has been endorsed by all current special masters. Additionally, it is the basis for the fee schedule which is published on the United States Court of Federal Claims' website as a resource for petitioners' counsel. *See* Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed May 17, 2017).

II.     **Discussion.**

Petitioner has requested $19,728.00 in attorneys' fees and $926.39 in costs, for a total of $20,654.39. Motion for Fees at 1. In accordance with General Order #9, petitioner filed a signed

statement indicating that she incurred no out of pocket expenses. Motion for Fees, Ex. 4, ECF No. 33-4. Respondent filed a response to petitioner's motion for fees on May 16, 2017. Respondent made no specific objection to petitioner's fee application, but merely stated that he was satisfied that the requirements for an award of fees and costs were met, and recommended that "the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 34.

**A. Reasonable Attorneys' Fees**

Petitioner has requested the following hourly rates for counsel: $400 for Mr. Pop, $235 for Kristina Grigorian, $225 for Alexandra Pop, and $125 for law clerks. Mr. Pop practices in Beverly Hills, CA; therefore, forum rates apply. He has 45 years of experience and has been practicing in the Vaccine Program since 2005. Motion for Fees, Ex. 3, at 2. Mr. Pop has previously received an hourly rate of $400. *See Baldwin v. Sec'y of HHS*, No. 14-888V, 2016 3597886 (Fed. Cl. Spec. Mstr. June 1, 2016). Furthermore, based on his experience both in the Vaccine Program and overall, an hourly rate of $400 is appropriate under *McCulloch*.

Kristina Grigorian has been practicing law since 2012 and has been admitted to the Court of Federal Claims since 2013. Motion for Fees, Ex. 3, at 4-5. Ms. Grigorian was awarded an hourly rate of $235 in *Pentcholov v. Sec'y of HHS*, No. 14-414V, 2016 WL 3197389. Furthermore, based on her experience, an hourly rate of $235 is appropriate.

Alexandra Pop has been practicing law since 2014 and has been admitted to the Court of Federal Claims since 2015. She falls into the *McCulloch range* of $150 to $225 for attorneys with less than four years of experience; therefore, an hourly rate of $225 is appropriate.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Motion for Fees, Ex. 2. I therefore see no reason to reduce petitioner's fees.

**B. Reasonable Costs**

Petitioner has requested $926.39 in costs, including $501.57 in costs associated with obtaining medical records. Motion for Fees, Ex. 3 at 2. These costs appear to be reasonable and appropriate in light of the facts of this case; therefore, I see no need to reduce them.

### III.    Total Award Summary.

I find that petitioner's counsel's request is reasonable and she is entitled to the requested fees and costs pursuant to § 15(e)(1).  For the reasons contained herein, **a check in the amount of $20,654.39[3] made payable jointly to petitioner, Sonya Tabor, and petitioner's counsel of record, Jeffrey S. Pop, for petitioner's attorneys' fees and costs shall be issued.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing or a joint filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).